# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JUDY MOORE,
WIDOW OF CURTIS R. MOORE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0773**  (BOR Appeal No. 2049235)
           (Claim No. 2012037803)

**AKER OIL AND GAS US, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Judy Moore, widow of Curtis R. Moore, by Cathy Greiner, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aker Oil and Gas US, LLC, by Daniel Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 7, 2014, in which the Board affirmed a January 31, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's September 5, 2012, decision denying Ms. Moore's claim for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Moore passed away on June 29, 2011, with a cause of death listed as mesothelioma. Following the decedent's death, Ms. Moore filed an application for dependent's benefits. On September 5, 2012, the claims administrator denied Ms. Moore's application for dependent's benefits on a non-medical basis. On January 31, 2014, the Office of Judges modified the claims administrator's decision to reflect that Ms. Moore's application for dependent's benefits was denied because it was not shown that the decedent was exposed to the hazards of occupational

1

pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the ten years immediately preceding the date of last exposure to such hazards, or for any five of the fifteen years immediately preceding the date of last exposure. On July 7, 2014, the Board of Review affirmed the Office of Judges' Order and noted that although Ms. Moore asserts that the claim should be processed as an occupational disease claim rather than a claim for occupational pneumoconiosis, the processing of the claim as an occupational disease claim would not affect the outcome of Ms. Moore's appeal of the denial of her application for dependent's benefits. On appeal to this Court, Ms. Moore again argues that the Office of Judges improperly analyzed the claim utilizing a standard applicable to occupational pneumoconiosis.

West Virginia Code § 23-4-1(b) (2008) provides:

That compensation shall not be payable for the disease of occupational pneumoconiosis, or death resulting from the disease, unless the employee has been exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the ten years immediately preceding the date of his or her last exposure to such hazards, or for any five of the fifteen years immediately preceding the date of his or her last exposure.

Further, West Virginia Code § 23-4-1(d) (2008) provides:

The term 'occupational pneumoconiosis' includes, but is not limited to, such diseases as silicosis, anthracosilicosis, coal worker's pneumoconiosis, commonly known as black lung or miner's asthma, silico-tuberculosis (silicosis accompanied by active tuberculosis of the lungs), coal worker's pneumoconiosis accompanied by active tuberculosis, asbestosis, siderosis, anthrax, and any and all other dust diseases of the lungs and conditions and diseases caused by occupational pneumoconiosis which are not specifically designated in this section meeting the definition of occupational pneumoconiosis set forth in this subsection.

Ms. Moore states in her appellate brief that "[m]esothelioma is a cancer caused only by exposure to asbestosis [sic]." Therefore, by Ms. Moore's own admission, her claim falls within the definition of occupational pneumoconiosis as provided by West Virginia Code § 23-4-1(d). However, regardless of whether the claim is processed as an occupational pneumoconiosis claim pursuant to West Virginia Code § 23-4-1(b) or an occupational disease claim pursuant to West Virginia Code § 23-4-1(f) (2008), Ms. Moore has failed to provide any evidence demonstrating that the decedent was exposed to asbestos during the course of his employment in the State of West Virginia. The evidence provided in support of Ms. Moore's appeal establishes only that the decedent's cause of death was mesothelioma and that he was a former employee of Aker Oil and Gas. Evidence regarding the decedent's work environment or specific occupation was not provided. Therefore, Ms. Moore has failed to demonstrate that the decedent was exposed to the hazards of occupational pneumoconiosis consistent with the provisions of West Virginia Code § 23-4-1(b) or, in the alternative, has failed to demonstrate that he incurred an occupational disease which caused his death consistent with the provisions of West Virginia Code § 23-4-1(f).

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3